UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JANE T., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 1:24-cv-01290-TAB-SEB |
| | ) |
| Leland C. Dudek,[1] Acting Commissioner of the Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

**ORDER ON PLAINTIFF'S
BRIEF IN SUPPORT OF APPEAL**

**I.  Introduction**

Plaintiff Jane T. has been seeking disability benefits since February 2021.  Plaintiff's claim has been denied at each step.  Plaintiff now appeals to this Court and asks that her unfavorable administrative decision be remanded for further proceedings.  [Filing No. 14.]  As discussed below, Plaintiff is essentially inviting the Court to reweigh the evidence.  The Court declines Plaintiff's invitation and affirms the Commissioner's decision.

---

[1] Leland C. Dudek became the Acting Commissioner of Social Security in February 2025.  Thus, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Leland C. Dudek should be substituted for Carolyn W. Colvin as the Defendant in this suit.  No further action need be taken to continue this suit by reason of the last sentence of § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

## II. Discussion

The Social Security Administration denied Plaintiff's February 2021 claim for disability benefits. Plaintiff then proceeded to a hearing before Administrative Law Judge Mario Silva. On January 18, 2024, the ALJ issued an unfavorable decision. [Filing No. 12-2.] Plaintiff appealed this decision to the Appeals Council, which likewise denied Plaintiff's claim. Plaintiff now seeks judicial review of the Commissioner's final decision pursuant to 42 U.S.C. § 405(g).

To determine whether an individual meets the disability requirements, the ALJ must conduct a five-step sequential evaluation. At step 1 of the sequential evaluation, the ALJ found Plaintiff had not engaged in substantial gainful activity since October 4, 2020, her alleged onset date of disability. At step 2, the ALJ found Plaintiff had the following severe medical impairments: (i) lesion of left ulnar nerve; (ii) lumbar spondylosis; (iii) partial symptomatic epilepsy with complex partial seizures; (iv) migraine headaches; (v) herpes virus encephalitis with residual deficits; (vi) adjustment disorder; (vii) depression; (viii) post-traumatic stress disorder; (ix) anxiety; and (x) cognitive disorder. At step 3, the ALJ found Plaintiff did not meet any of the automatically disabling medical conditions listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.

After step 3, the ALJ determined Plaintiff's residual functional capacity, or her remaining ability to work despite her limitations. The ALJ found Plaintiff had the RFC to perform light work, except:

> [Plaintiff can] never climb ladders, ropes, or scaffolds; frequently climb ramps and stairs; frequently balance, stoop, kneel, crouch, and crawl; [Plaintiff is] limited to frequent overhead reaching, reaching forward and to the side, and pushing/pulling with the left upper extremity; frequent handling and fingering with the left upper extremity; noise limits of 3 [moderate noise level]; occasional exposure to no more than moderate levels of vibration; no exposure to unprotected moving mechanical parts or unprotected heights; requires a typical lighting environment such as office or warehouse with no strobes or bright lights.

> [Plaintiff] is able to understand, remember, and carry out simple instructions or tasks; is able to make judgments on simple work-related decisions in such work environment; [Plaintiff] is able to interact appropriately with others in such work environment; [Plaintiff] is able to respond and adapt to routine work situations and to occasional changes in a work setting without special supervision but with simple instructions or tasks; [Plaintiff] is able to maintain concentration, persistence, and pace for two hour blocks but requires a job that provides for a break normally offered to all employees of 10-15 minutes and a standard meal break of about 30 minutes; [Plaintiff] must be able to work at a flexible pace, which is defined as a work environment that is free of fast-paced production work and that is free of fixed-timed hourly units during the work shift, but with employer set end-of-the workday productivity goals.

[Filing No. 12-2, at ECF p. 27.] At step 4, based on this RFC, the ALJ found Plaintiff cannot perform any of her past relevant work. At step 5, the ALJ found Plaintiff can perform other jobs that exist in significant numbers in the national economy and denied Plaintiff's claim.

Plaintiff raises several arguments on appeal. Her primary argument is that the ALJ failed to properly evaluate the medical opinion evidence. Specifically, the ALJ found, in relevant part, that Plaintiff can perform light exertion work with frequent balancing; perform simple work with simple instructions; adapt to routine work changes; and maintain concentration, persistence, and pace for 2-hour blocks with only end-of-shift productivity goals. Plaintiff argues that this finding does not square with Defendant's own consultative examiner, Michael Inman, PH.D., and Plaintiff's treating neurologist, Mark Rubino, M.D., and that the ALJ failed to provide a legally sufficient explanation for rejecting these medical opinions. [Filing No. 14, at ECF p. 13.]

Contrary to Plaintiff's argument, the record reveals that the ALJ thoroughly discussed the medical evidence, considered Dr. Inman's opinion, but ultimately explained why he found it unpersuasive. Dr. Inman opined that Plaintiff's prognosis was guarded and poor, and that her psychological condition would impair her ability to perform even unskilled work-related activities. Rejecting this opinion, the ALJ concluded that Dr. Inman's opinion was not supported by his own consultative evaluation which showed Plaintiff was casually dressed, had adequate

3

grooming and hygiene, intact receptive and expressive language skills, was cooperative, had good insight, was fully oriented, had fair immediate and delayed memory, no difficulties with recent or long-term memory, and was noted to have her intellectual quotient be in the low average range.

The ALJ also discussed Dr. Inman's findings that Plaintiff had difficulty sustaining focus and switching topics, was easily distracted, had long response times, had poorly organized thought processes at times, had a flat affect, and appeared sad. These findings by Dr. Inman contributed to the ALJ's determination that Plaintiff had significant mental restrictions. Despite these limitations, the ALJ concluded that Plaintiff could perform unskilled work.

In addition, the ALJ clarified why other mental status examinations in the record were inconsistent with Dr. Inman's opinion that Plaintiff could not work. The ALJ explained that the mental status examinations of record showed Plaintiff was cooperative, calm, pleasant, had no speech or language deficits, demonstrated full orientation, had adequate attention and concentration, average intelligence, preserved memory, a euthymic mood, a pleasant affect, congruent thought process, intact insight, appropriate judgment, normal thought processes and content, and appropriate fund of knowledge. The ALJ also noted that Plaintiff cared for her children and pets, prepared meals, performed household chores, drove, went out alone, shopped, used a computer, paid bills, socialized, and tended to her personal needs.

The ALJ similarly satisfactorily explained why Dr. Rubino's opinion was not persuasive. As the Commissioner points out in his response brief, Plaintiff cites a "laundry list of records" to make her case that the ALJ should have agreed with Dr. Rubino. [Filing No. 16, at ECF p. 6.] However, what Plaintiff is really asking is for this Court to reweigh the evidence, which is

impermissible.  *See Bakke v. Kijakazi*, 62 F.4th 1061, 1068 (7th Cir. 2023) ("[I]t is not our place to reweigh evidence, even where reasonable minds might disagree about the outcome.").

The ALJ explained that Dr. Rubino's opinions were not supported by his own treatment records, which showed Plaintiff was well-developed, nourished, and groomed, in no apparent distress, had 5/5 muscle strength throughout, except for 4/5 in her left ankle, had intact sensation, normal coordination, was alert and oriented, spelled "world" backward and forward, slowly completed serial sevens, had intact language, spontaneous speech, and a fair fund of knowledge. [Filing No. 16, at ECF p. 6.]  The ALJ further stated that Dr. Rubino's opinion was inconsistent with the previously mentioned mental status examinations and Plaintiff's activities.

The Commissioner's brief directly addresses each of Plaintiff's arguments.  Unfortunately, Plaintiff did not file a reply brief to attempt to counter the Commissioner's position.  [Filing No. 17.]  Perhaps Plaintiff's failure to file a reply brief is a tacit admission of the Commissioner's position.  Regardless, the bottom line is that ALJs "are subject to only the most minimal articulation requirements" and need not "fully summarize the record or cite support for every proposition or chain of reasoning."  *Warnell v. O'Malley*, 97 F.4th 1050, 1053 (7th Cir. 2024). Here, the ALJ properly evaluated the medical opinion evidence such that Plaintiff has not demonstrated that remand is appropriate.

Plaintiff next argues that the ALJ failed to adequately account for her moderate limitations in her ability to maintain concentration, persistence, and pace.  [Filing No. 14, at ECF p. 24.]  Plaintiff's argument is premised on *Juozas v. Saul*, No. 18 C 2044, 2019 WL 4280482, at *3-4 (N.D. Ill. Sept. 10, 2019), in which the claimant successfully argued that the ALJ's RFC was legally insufficient.  However, *Juozas* is not determinative here.  As the Commissioner points out, the mental RFC in this case is fundamentally more detailed than in *Juozas*.  Plaintiff's RFC

5

expressly addresses her concentration, persistence, and pace. [Filing No. 12-2, at ECF p. 27] (claimant can maintain concentration, persistence, and pace for two-hour blocks in a job that provides for a break normally offered to all employees of 10-15 minutes and a standard meal break of about 30 minutes).

Moreover, unlike in *Juozas*, the ALJ's RFC explanation was thorough and linked to the evidence. The ALJ weighed the various mental status examinations, noting Plaintiff typically had adequate attention and concentration, average intelligence, preserved memory, and developmentally appropriate, logical, coherent, and relevant thought processes. The ALJ recognized that Plaintiff sometimes had difficulty sustaining focus, and had impaired attention and concentration, as well as processing speed. The ALJ also relied in part on the state-agency psychologists who found that Plaintiff had the capacity to understand and remember simple and detailed instructions. [Filing No. 12-2, at ECF p. 35.] In short, Plaintiff has not demonstrated that the ALJ failed to adequately account for her moderate limitations in her ability to maintain concentration, persistence, and pace.

Finally, Plaintiff argues that substantial evidence does not support the ALJ's conclusion that Plaintiff can stand and/or walk "a good deal of" the workday, as required by light work. [Filing No. 14, at ECF p. 25.] Plaintiff argues that the ALJ simply "provided no analysis" to explain this finding. [Filing No. 14, at ECF p. 26.] The Court disagrees. Two state-agency physicians opined that Plaintiff could perform light work. As the ALJ explained, these state-agency physicians' findings were supported by diagnostic imaging, testing, and physical examinations. In fact, the ALJ found Plaintiff more limited than the state-agency doctors did and included additional postural, manipulative, and environmental limitations.

The Commissioner correctly notes that the argument Plaintiff advances here—that the ALJ failed to explain how a light RFC accommodated Plaintiff's specific limitations—is similar to the argument this Court rejected in *Donna R. v. O'Malley*, No. 1:23-cv-01038-TAB-JMS, 2024 WL 637295 at *5 (S.D. Ind. Feb. 15, 2024). Unfortunately, as previously noted, Plaintiff did not file a reply brief, so Plaintiff has provided no reason why a different outcome is appropriate here. And the Court does not see one. The ALJ reasonably relied on the prior administrative medical findings from state-agency physicians. Simply put, the ALJ's decision is supported by substantial evidence.

### III.   Conclusion

For the reasons set forth above, the Court declines Plaintiff's invitation to reweigh the evidence. Plaintiff's request for remand [Filing No. 14] is denied, and the Commissioner's decision is affirmed.

Date: 2/19/2025

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record via email